IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RONALD C. STANIS, | ) |
| Plaintiff | ) |
| v. | ) CASE NO. |
| CITY OF MILWAUKEE, | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY RELIEF, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW Plaintiff, RONALD C. STANIS (hereinafter "Plaintiff"), by and through its undersigned counsel, and files this civil action against THE CITY OF MILWAUKEE (hereafter "Defendant")and respectfully requests this Court to issue Preliminary and Permanent Injunctive Relief, Declaratory Judgment and award Damages for Defendants' violations of the United States Constitution. In support thereof, Plaintiff shows unto the Court as follows:

1. Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendant, its agents, servants and employees and those acting in active concert and with actual notice thereof, from enforcing section 295-505-5-b of the Milwaukee Code of Ordinances entitled "Signs for Dwellings" (hereinafter the "Sign Ordinance") against him and from otherwise violating Plaintiff's right to freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution through application of Defendant's zoning and code enforcement ordinances.

2. Plaintiff also seeks Preliminary and Permanent Injunctive Relief enjoining Defendant, its agents, servants and employees and those acting in active concert and with actual notice thereof, from imposing or collecting future or past fines or fees, pursuing prosecution or any other form of penalty resulting from enforcement of Defendant's Sign Ordinance and from otherwise violating Plaintiff's right to freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution through coercive means.

3. Plaintiff also seeks for Declaratory Judgment to determine the constitutionality of the Sign Ordinance and Defendant's actions in applying the Sign Ordinance to denying Plaintiff the opportunity to exercise his Constitutional rights and to declare the Sign Ordinance, both on its face and as applied, unconstitutional as a direct violation of the First and Fourteenth Amendments to the United States Constitution.

4. Plaintiff also seeks damages caused by Defendant's Sign Ordinance and application of it to Plaintiff.

5. An actual controversy exists between the parties involving substantial constitutional issues, in that the challenged Sound Ordinance, on its face and as applied, violates the United States Constitution and Plaintiff is maintaining his protected speech under the coercive penalties of fines accumulating daily.

**JURISDICTION AND VENUE**

6. This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983.

7. This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. 1331, §§ 2201-02.

8. Venue is proper under 28 U.S.C. § 1391 (b). Each and all of the acts alleged

herein were done by Defendants, under the color and pretense of the statutes, ordinances, regulations, customs, policies, procedures, and law of the City of Milwaukee within the City of Milwaukee, Wisconsin.

9. This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

10. This Court is authorized to grant Plaintiff's prayer for relief regarding costs, including a reasonable attorney's fee, under 42 U.S.C. § 1988.

## PARTIES

11. Plaintiff, Ronald C. Stanis is a natural born person and citizen residing in Milwaukee, Wisconsin.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendant, The City of Milwaukee, is vested with the authority to ordain all ordinances or delegate such authority to others with final policy-making authority for the acts in question, with authority to sue and be sued, and was at all times relevant herein, acting within the course and scope of its authority and under color of law.

## STATEMENT OF FACTS

13. Plaintiff, Ronald C. Stanis resides at 2548 S. 29th Street, Milwaukee, Wisconsin 53215.

14. Plaintiff resides on private residential property that he owns.

15. Pursuant to his personal religious beliefs, Plaintiff erected a display of the Ten Commandments in the front yard of his property.

16. On December 8, 2009, an inspector with the City of Milwaukee's Department of Neighborhood Services visited Plaintiff's residence.

17. On December 21, 2009, the City of Milwaukee's Department of Neighborhood Services issued an Official Notice of Violation entitled Inspection Report and Order to Correct Condition (hereinafter "Order").

18. The December 21, 2009 Order cited section 295-505-5-b of the Milwaukee Code of Ordinances entitled Signs for Dwellings and stated, "Except for permitted temporary signs, no other signage shall be allowed."

19. The December 21, 2009 Order demanded the removal of "any illegal signs."

20. The December 21, 2009 Order warned that failure to comply with the Order could result in prosecution and daily penalties of $150 to $10,000.

21. Plaintiff contested the Order and filed a timely appeal with the City of Milwaukee Board of Zoning Appeals to do so. Plaintiff submitted written documentation of the constitutional right to display non-commercial signs on private property and the text of the section 200-08-84 of the Milwaukee Code of Ordinances defining the term "sign."

22. Section 200-08-84 of the Milwaukee Code of Ordinances defines a SIGN to mean "any structure, device or display that is arranged, intended, or designed as an announcement, declaration, demonstration, illustration, indication, symbol, insignia, banner or emblem and which is used for advertisement, identification or promotion when placed so as to be seen from out of doors by the general public."

23. Plaintiff paid the required $250.00 fee to appeal the Order from the City of Milwaukee's Department of Neighborhood Services.

24. On February 11, 2010 Plaintiff appeared before the City of Milwaukee Board of

Zoning Appeals.

25. At the February 11, 2010 proceedings, the illegal sign complained of in the December 21, 2009 Order was specifically identified as the wooden Ten Commandments display on Plaintiff's private residential property.

26. Plaintiff presented to the City of Milwaukee Board of Zoning Appeals evidence and arguments regarding why he should be allowed to maintain his Ten Commandments display.

27. The City of Milwaukee Board of Zoning Appeals moved Plaintiff's appeal to Administrative Review with a determination to vote on the matter at the following meeting.

28. On March 25, 2010 the City of Milwaukee Board of Zoning Appeals reconvened and voted 2 to 1 to deny Plaintiff's appeal.

29. Plaintiff paid for a copy of the transcript of the February 11, 2010 and March 25, 2010 proceedings of the City of Milwaukee Board of Zoning Appeals.

30. On March 30, 2010, the City of Milwaukee Board of Zoning Appeals issued its official finding and final order denying Plaintiff's appeal.

31. Plaintiff has exhausted all administrative remedies and fulfilled all conditions precedent to bringing this action.

32. Plaintiff was not and is not using the Ten Commandments for purposes of commercial speech.

33. Plaintiff has been harmed by the actions of Defendant, including but not limited to, paying to appeal the decision of the City of Milwaukee Department of Neighborhood Services, acquiring transcripts of the Board of Zoning Appeals proceedings, being subject to daily fines which become a lien upon his real estate for not removing his 10 Commandment display, and being fearful of future prosecution for exercising his right to free speech on his

private property.

## COUNT I
## VIOLATION OF PLAINTIFF'S FREEDOM OF SPEECH UNDER THE UNITED STATES CONSTITUTION (FACIAL CHALLENGE)

36. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 33.

35. The Free Speech Clause of the First Amendment to the United States Constitution, in conjunction with the Fourteenth Amendment, prohibits Defendants from abridging Plaintiff's freedom of speech.

36. Signs are a form of expression protected by the Free Speech Clause of the First Amendment to the United States Constitution.

37. Defendant's Sign Ordinance, on its face and as construed by Defendant, constitutes an unconstitutional abridgement of Plaintiff's affirmative rights to freedom of speech.

38. Defendant's Sign Ordinance, as construed by Defendant, purports to permanently ban all but a select list of temporary signs from private property used for residential purposes.

39. Defendant's Sign Ordinance, as construed by Defendant, purports to ban any permanent religious, personal or political sign on private property used for residential purposes.

40. Defendant's Sign Ordinance, as construed by Defendant, is an unconstitutional prior restraint on speech.

41. Defendant's list of permitted exemptions for residential signs also makes Defendant's Sign Ordinance an unconstitutional content-based regulation of speech.

42. Defendant's Sign Ordinance, as construed by Defendant, does not leave open sufficient alternate channels of communication for Plaintiff.

43. Defendant's Sign Ordinance, as construed by Defendant, does not permit Plaintiff

Complaint Page 6

to reach his intended audience, his neighbors and passers by, with his message.

44. Defendant's Sign Ordinance, as construed by Defendant, unconstitutionally constrains a citizen's private speech on that citizen's private residential property.

45. Defendant's Sign Ordinance, as construed by Defendant, is not the least restrictive means to accomplish any permissible governmental purpose sought to be served by Defendant's Sign Ordinance.

46. Defendant's Sign Ordinance, as construed by Defendant, is irrational and unreasonable, and imposes unjustifiable restrictions on constitutionally protected speech.

47. Defendant's Sign Ordinance, as construed by Defendant, unconstitutionally chills and abridges the rights of Plaintiff and others not before the Court to freely communicate with others.

48. Defendant's violations of Plaintiff's right of free speech have caused, and will continue to cause Plaintiff to suffer undue and actual hardship and irreparable injury.

49. Plaintiff has no adequate remedy at law to correct the continuing deprivations of his most cherished constitutional liberties.

50. As a direct and proximate result of Defendant's continuing violations of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future direct and consequential damages, including but not limited to, the loss of his ability to exercise his constitutional rights and economic damage.

WHEREFORE, Plaintiff respectfully pray that the Court grant the relief set forth herein and award such other relief to Plaintiff as is reasonable, just and necessary.

## COUNT II
## VIOLATION OF PLAINTIFF'S FREEDOM OF SPEECH UNDER THE UNITED STATES CONSTITUTION (AS APPLIED CHALLENGE)

51. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 48.

52. The Sign Ordinance must be construed to include the definition of a Sign as defined in section 200-08-84 of the Milwaukee Code of Ordinances.

53. Any ambiguity of the ordinance should be resolved with a Constitutional construction of the ordinance.

54. The Sign Ordinance should not be construed to regulate non-commercial signs on private residential property.

55. The Sign Ordinance should not be construed to regulate private non-commercial speech.

56. As construed and applied by Defendant, the Sign Ordinance unconstitutionally infringes Plaintiff's right to free speech.

57. Defendant's Sign Ordinance, as applied by Defendant, purports to ban any permanent religious, personal or political sign on private property used for residential purposes.

58. Defendant's Sign Ordinance, as applied by Defendant, does not permit Plaintiff to reach his intended audience, his neighbors and passers by, with his message.

59. Defendant's Sign Ordinance, as applied by Defendant, unconstitutionally chills and abridges Plaintiff's right to freely communicate with others on his own property.

60. Plaintiff has no adequate remedy at law to correct the continuing deprivations of his most cherished constitutional liberties.

61. As a direct and proximate result of Defendant's continuing violations of Plaintiff's

rights, Plaintiff has in the past and will continue to suffer in the future direct and consequential damages, including but not limited to, the loss of his ability to exercise this constitutional rights and economic damage.

WHEREFORE, Plaintiff respectfully pray that the Court grant the relief set forth herein and award such other relief to Plaintiff as is reasonable, just and necessary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That this Court issue Preliminary and Permanent injunctions, enjoining the Sign Ordinance, and enjoining Defendants, Defendant's officers, agents, employees and all other persons acting in active concert with them, from violating Plaintiff's constitutional rights so that:

1. Defendant shall take no further action to order removal of Plaintiff's wooden display of the Ten Commandments on his private residential property;

2. Defendant shall take no further action to coerce Plaintiff to remove his wooden display of the Ten Commandments through fines, collection of fines or placing any lien upon the real property of Plaintiff for unpaid fines;

3. Defendant shall take no further action to enforce the Sign Ordinance against Plaintiff because of his wooden display of the Ten Commandments on his private residential property; and

4. Defendant shall immediately refund any fees and or fines paid by Plaintiff to Defendant to contest and /or appeal the Inspection Report and Order to Correct Condition; and

5. Defendant shall not construe the Sign Ordinance in a manner that would infringe upon Plaintiff's constitutional rights.

B. That this Court render a Declaratory Judgment declaring that:

Complaint Page 9

1. Plaintiff has a constitutionally protected right to permanently maintain his wooden display of the Ten Commandments on his private residential property;

2. The Sign Ordinance is unconstitutional under the United States Constitution, on its face and as applied to Plaintiff;

3. Defendant unlawfully obstructed Plaintiff from exercising Plaintiff's constitutionally-protected rights; and

4. A constitutional construction of the Sign Ordinance would apply it only to commercial speech.

C. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment;

D. That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's order;

E. That this Court award Plaintiff the reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. § 1988.

F. That this Court award Plaintiff such damages as are just and appropriate.

G. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Dated this 28th day of April, 2010.

Respectfully Submitted,

/s/ David M. Corry

| | |
|---|---|
| Mathew D. Staver | Stephen M. Crampton |
| Anita L. Staver | David M. Corry |
| LIBERTY COUNSEL | LIBERTY COUNSEL |
| PO Box 540774 | PO Box 11108 |
| Orlando, FL 32854-0774 | Lynchburg, VA 24506 |
| (800)671-1776 Telephone | (434) 592-7000 Telephone |
| (407) 875-0770 Facsimile | (434) 592-7700 Facsimile |
| court@lc.org Email | court@lc.org Email |
| *Attorneys for Plaintiffs* | *Attorney for Plaintiffs* |