UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

RONALD STANIS

       Plaintiff,

v.                                    Case No. 10-C-0372

CITY OF MILWAUKEE

       Defendant.
_____

## ANSWER TO PLAINTIFF'S COMPLAINT
_____

NOW COMES defendant City of Milwaukee, by its attorney, Grant F. Langley, by Maurita Houren, Assistant City Attorney, as and for an answer to the complaint of plaintiff, admits, denies, alleges and shows to the court as follows:

1. Answering paragraph 1, admits that the complaint seeks injunctive relief against the defendant precluding it from enforcing Milwaukee Code of Ordinances § 295-505-5-b, entitled "Signs for Dwellings;" denies the remaining allegations in paragraph 1.

2. Answering paragraph 2, admits that the complaint seeks injunctive relief; denies the remaining allegations in paragraph 2.

3. Answering paragraph 3, admits that the complaint seeks declaratory relief regarding the constitutionality of one of the defendant's ordinances relating to signage; denies the remaining allegations in paragraph 3.

4. Answering paragraph 4, denies the allegations contained therein.

5. Answering paragraph 5, denies the allegations contained therein.

6. Answering paragraph 6, admits.

7. Answering paragraph 7, admits.

8. Answering paragraph 8, admits that venue is proper; admits that an employee of defendant issued a citation pursuant to Milwaukee Code of Ordinances for an illegal sign at 2548 South 29th Street, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8.

9. Answering paragraph 9, admits that the court has the authority to issue declaratory relief; denies that plaintiff is entitled to any relief.

10. Answering paragraph 10, denies that plaintiff is entitled to any relief.

11. Answering paragraph 11, denies knowledge or information sufficient to form a belief as to truth or falsity of the allegation contained therein.

12. Answering paragraph 12, admits that the City of Milwaukee, through the Common Council, has the authority to enact ordinances; admit that the City of Milwaukee is sui generis; denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13. Answering paragraph 13, denies knowledge or information sufficient to form a belief as to truth or falsity of the allegation contained therein.

14. Answering paragraph 14, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained therein and alleges that according to records of the City of Milwaukee, the owner of the property located at 2548 S. 29th Street is Ruth Ann Stanis.

15. Answering paragraph 15, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained therein.

16. Answering paragraph 16, admits that an inspector was at the premises located at 2548 S. 29th Street on December 8, 2009; denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 16.

17. Answering paragraph 17, alleges that on December 8, 2009 (not December 21, 2009) an official notice of violation was issued for the premises at 2548 S. 29th Street.

18. Answering paragraph 18, admits the allegations contained therein with the exception that the date of the order was December 8, 2009.

19. Answering paragraph 19, admits the allegation contained therein except the date of the order was December 8, 2009.

20. Answering paragraph 20, admits the allegation contained therein except the date of the order was December 8, 2009.

21. Answering paragraph 21, admits the first sentence. Answering the second sentence, admits that plaintiff submitted a document entitled "THE RIGHT TO DISPLAY SIGNS ON PRIVATE PROPERTY" at the proceeding on February 11, 2010, but the document did not evidence any author or otherwise display the source of the information summarized in the document; denies knowledge or information sufficient to form a belief as to the remaining allegations in the second sentence of paragraph 21.

22. Answering paragraph 22, admits that the ordinance is correctly cited in part, however, alleges that this provision is inapplicable to the citation of December 8,

2009 for the property located at 2548 South 29th Street; further allege that Milwaukee Code of Ordinances, Ch. 295, section 201 contains various definitions relating to signage.

23. Answering paragraph 23 admits the allegation.

24. Answering paragraph 24 admits the allegations.

25. Answering paragraph 25, denies that any member of the Board of Zoning Appeal referred to the sign as the Ten Commandments at the February 11, 2010 proceeding; admit that plaintiff referred to the sign at this proceeding as the Ten Commandments; denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25.

26. Answering paragraph 26, admits that at the February 11, 2010 proceeding arguments were made by, and on behalf of, the plaintiff to allow the sign; denies the remaining allegations contained in paragraph 26.

27. Answering paragraph 27, admits the allegation contained therein.

28. Answering paragraph 28, admits that the Board of Zoning Appeals denied plaintiff's appeal on March 25, 2010 but alleges that the vote was 3 to 1 to deny the appeal.

29. Answering paragraph 29, admits the allegation contained therein.

30. Answering paragraph 30, admits the allegation contained therein.

31. Answering paragraph 31, denies the allegations contained therein.

32. Answering paragraph 32, denies knowledge or information sufficient to form a belief as to truth or falsity of the allegation contained in paragraph 32.

33. Answering paragraph 33, denies the allegations contained therein.

4

34. Answering paragraph 34, defendant realleges and incorporates by reference all admissions, denials and allegations in paragraph 1 through 33 above 35.

35. Answering paragraph 35, generally admits the allegation; denies that defendant violated plaintiff's right to free speech.

36. Answering paragraph 36, generally admits the allegation contained therein.

37. Answering paragraph 37, denies the allegations contained therein.

38. Answering paragraph 38, admits that the Milwaukee Code of Ordinances § 295-505-5-b only allows for permitted temporary signs on residential property, but alleges that a resident can seek a variance from this provision.

39. Answering paragraph 39, admits that under Milwaukee Code of Ordinances § 295-505-5-b permanent signs on residential property are not permitted; denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 39.

40. Answering paragraph 40, denies the allegations contained therein.

41. Answering paragraph 41, denies the allegations contained therein.

42. Answering paragraph 42, denies the allegations contained therein.

43. Answering paragraph 43, denies the allegations contained therein.

44. Answering paragraph 44, denies the allegations contained therein.

45. Answering paragraph 45, denies the allegations contained therein.

46. Answering paragraph 46, denies the allegations contained therein.

47. Answering paragraph 47, denies the allegations contained therein.

48. Answering paragraph 48, denies the allegations contained therein.

49. Answering paragraph 49, denies the allegations contained therein.

50. Answering paragraph 50, denies the allegations contained therein.

51. Defendant realleges incorporates by reference paragraphs 1 through 50 above.

52. Answering paragraph 52, denies the allegation contained therein.

53. Answering paragraph 53, denies that Milwaukee Code of Ordinances § 200-08-84 is applicable to the order issued on December 8, 2009 and therefore denies the allegations contained in paragraph 53.

54. Answering paragraph 54, denies the allegation contained therein.

55. Answering paragraph 55, denies the allegation contained therein.

56. Answering paragraph 56, denies the allegations contained there in.

57. Answering paragraph 57, admits that Milwaukee Code of Ordinances § 295-505-5-b only allows for permitted temporary signs on residential property, but alleges that a resident can seek a variance.

58. Answering paragraph 58, denies the allegations contained therein.

59. Answering paragraph 59, denies the allegations contained therein.

60. Answering paragraph 60, denies the allegations contained therein.

61. Answering paragraph 61, denies the allegations contained therein.

## AFFIRMATIVE DEFINSES

1. Upon information and belief plaintiff has failed to exhaust his administrative remedies.

2. Upon information and belief plaintiff lacks standing to bring this action**.**

WHEREFORE, the defendant, City of Milwaukee, demands as follows:

1. Dismissing the complaint of the plaintiff on its merits, together with cost and disbursements.

2. For such other and further relief as the court may deem just and equitable.

Dated at Milwaukee, Wisconsin the 4th day of June, 2010.

GRANT F. LANGLEY
City Attorney


s/Maurita Houren_____
MAURITA HOUREN
Assistant City Attorney
State Bar Number 01014791
Attorney for Defendants

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-8481
Fax: (414) 286-8550


1081-2010-1285/158333